[No. 20729.   Department One.   November 23, 1927.]

WILLIAM E. PETERSON, *Respondent*, v. JOHN B.
HANSEN, *Appellant*.[1]

[1] CONTRACTS (58, 67)—CONSTRUCTION—PRELIMINARY NEGOTIATIONS
—ORAL AGREEMENTS COLLATERAL TO WRITING. Where there was a
written contract to dig a well, prior oral negotiations to the
effect that the well was to produce water are merged in the
writing, and cannot be pleaded in defense.

[2] APPEAL (418)—REVIEW—VERDICTS. The jury's finding under
proper instructions, on disputed evidence, as to which one of
the parties breached the contract, is conclusive on appeal.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered January 15,
1927, upon the verdict of a jury rendered in favor of
the plaintiff, in an action on contract. Affirmed.

*Louis A. Merrick,* for appellant.

*S. A. Bostwick,* for respondent.

MACKINTOSH, C. J.—The respondent, a well-digger,
contracted with the appellant, a farm-owner, to dig a
well, which he never completed, and this suit was com-
menced to recover the unpaid balance of the contract
price for the work performed. The jury returned a
verdict for the amount sued for, and after judgment
this appeal was taken.

[1] The appellant first urges that error was com-
mitted in striking from his answer certain affirmative
allegations under which he would seek to prove that the
intention of the parties, manifested by conversations
and negotiations prior to the making of the written con-
tract, was that a well was to be dug which would pro-
duce water. The court was correct in striking these
allegations, for the reason that the prior negotiations

[1]Reported in 260 Pac. 1074.

were all merged in the written contract, and that contract not being ambiguous, it was improper to explain it in this way. Moreover, the court at the time of the trial, interpreted the contract in the manner contended for by the appellant and no prejudice therefore resulted from the striking of those portions of the affirmative answer.

Objection is also made to certain questions and the admission of certain testimony, but as we read the record the court was correct in its rulings in these regards.

[2] The issues in the case were reduced by the trial court to one, and the jury was instructed that there was but a single question of fact for it to decide. The court's instructions are unexcepted to, and the jury answered the question in favor of the respondent. The jury was told by the court that the respondent was required by his contract to continue the digging of the well until stopped by the appellant or until water was reached, and (it being an admitted fact that water was not reached) that the only question then "for you to determine is which one of the litigants breached the contract." Upon disputed testimony, the jury found that the appellant had caused the digging to be suspended and the well to be abandoned. There being substantial testimony to sustain this finding by the jury, it does not lie within the province of this court to interfere with the verdict or the judgment based on it.

Affirmed.

TOLMAN, PARKER, MITCHELL, and FRENCH, JJ., concur.